IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal No. 05-175 |
| | ) Judge Nora Barry Fischer |
| BUFORD HILLIARD, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

I. INTRODUCTION

Presently before the Court is Defendant Buford Hilliard's ("Defendant") Motion for Reduction of Sentence Pursuant to U.S.C. § 3582(c)(2) filed on November 9, 2011. (Docket No. 136). The Government filed its response to said motion on December 1, 2011. (Docket No. 138). Counsel was appointed to represent Defendant pursuant to a Standing Order of this Court and appointed counsel[1] filed a reply brief on Defendant's behalf on December 20, 2011. (Docket No. 142). Upon consideration of the parties' positions and for the following reasons, Defendant's Motion [142] is DENIED.

II. BACKGROUND

On March 12, 2007, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 846 pursuant to a plea agreement with the Government. (Docket No. 84). The parties stipulated in their plea agreement that, among other things, the type and quantity of controlled substance attributable to the Defendant's criminal conduct was at least five (5) grams but less than twenty (20) grams. *Plea Agreement* at ¶ C.2. The Government further agreed not to file an information under 21 U.S.C. § 851 to enhance the applicable penalties in this

---

[1] Initially, counsel from the Public Defender's Office was appointed to represent defendant, but a motion to withdraw as counsel was granted by the Court and CJA Panel counsel, Adam Cogan, Esquire was ultimately appointed.

1

case, i.e., at least five (5) years but no more than forty (40) years. *Id.* at B.7.

Defendant has an extensive criminal history and, as a result of three prior qualifying felony convictions, he qualified as a career offender under Guideline § 4B1.1. *Presentence Investigation Report dated 5/2/07 ("PIR")* at ¶¶ 29-34. Based on an adjusted offense level of 31 and criminal history category of VI, the advisory guideline range at Defendant's initial sentencing was 188-235 months. PIR at ¶¶ 27, 36, 58. Defendant moved for a downward departure from the career offender guideline range at sentencing. (Docket No. 93). The Court granted Defendant's motion for a downward departure at the sentencing hearing and imposed a sentence of 120 months' incarceration and five (5) years of supervised release with standard and additional conditions. (Docket No. 97). In its Statement of Reasons, the Court explained that:

> [i]n considering whether to depart downwardly from the Sentencing Guidelines, in addition to the above stated reasons consistent with 18 U.S.C. § 3553(a) and other reasons stated on the record, the Court considered the relatively small amount of drugs involved in the defendant's prior offenses and the defendant's role in those offenses, the time previously served, **as well as the disparity between the sentences advised by the Guidelines for powdered cocaine compared to crack cocaine, per Gunter.** The Court also considered that the defendant has already served time for those sentences as well as the amount of time previously served compared to the Sentencing Range called for by the Sentencing Guidelines in this case. The Court also found compelling the defendant's relationship with his family & the fact that his charges and current incarceration have caused great psychological harm to his wife, enough that she had to be admitted to Western Psychiatric Institute when they have two (2) minor children (ages 11 and 13). The Court noted that the defendant has some employment history. The Court having taken all factors into account, and the law with regard to downward departure from the Sentencing Guidelines, the Court grants a downward [departure] [sic] for the defendant given these facts including that the Court finds treating defendant Buford Hilliard as a career offender overstates the seriousness of the offense level, the criminal history and the guidelines ranges in this matter, per the <u>Shoupe</u> case.

*Statement of Reasons* at 3 (emphasis added).

Subsequent to Defendant's initial sentencing, the Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines, which lowered the offense level for certain crack cocaine offenses by two levels. *See* U.S.S.G. Supp.App. C., Amd. 706 (effective Nov. 1, 2007); *see also Dillon v. United States*, --- U.S. ---, 130 S.Ct. 2683, 2688 (2010). Amendment 706 was made retroactive by the Sentencing Commission on March 3, 2008. *See United States v. Mitchell*, Crim. No. 06-358, 2009 WL 1309755, at *3 (W.D.Pa. May 11, 2009). On April 4, 2008, Defendant filed his first motion for a sentencing reduction, seeking to have his sentence reduced due to Amendment 706. (Docket No. 103). The Government opposed Defendant's motion, citing, among other things, the fact that the Court had granted a substantial downward departure at Defendant's initial sentencing based, in part, on the disparity between crack and powder cocaine. (Docket No. 110). The parties thoroughly litigated this motion before the Court, submitting extensive briefing for the Court's consideration and argued the motion during two separate hearings. (Docket Nos. 103, 110, 111, 115, 116, 120, 121, 143, 144).

After fully considering the parties' positions, and over the Government's objection, the Court granted Defendant's motion for a sentencing reduction. (Docket No. 119, 144 at 10-12). In so ruling, the Court granted Defendant a two-level reduction from his initial offense level to 29, which after considering a criminal history category of VI, resulted in an advisory guideline range of 151-188. (Docket No. 119). However, because the previous term of imprisonment imposed initially (120 months) was less than the guideline range applicable to the defendant at the time of sentencing (188-235 months), the Court reduced Defendant's sentence "comparably less than the amended guideline range" of 151-188 months to 108 months' incarceration. (*Id.*; Docket No. 144 at 12).

Neither party appealed this Court's Order granting the sentence reduction in this case.

But, much litigation ensued within the Third Circuit and nationally regarding whether defendants who were deemed career offenders under the guidelines were eligible for sentence reductions under Amendment 706. The United States Court of Appeals for the Third Circuit issued several decisions addressing these complicated issues.

Of note, in *United States v. Mateo*, 560 F.3d 152 (3d Cir. 2009), the Court of Appeals held that a defendant who qualified as a career offender was not eligible for a sentencing reduction under Amendment 706 because the defendant was sentenced based on the career offender guideline and not the crack cocaine guidelines which were reduced by Amendment 706. Therefore, *Mateo* holds that Amendment 706 did not have the effect of lowering the "applicable guideline range" for individuals who were deemed career offenders and sentenced pursuant to the career offender guideline. *Id.* However, the decision in *Mateo* was narrowed to some extent in *United States v. Flemming*, 617 F.3d 252 (3d Cir. 2010). In *Flemming*, the Court of Appeals held that a "under a pre-2003 edition of the Sentencing Guidelines, a career offender who is granted a § 4A1.3 downward departure to the Crack Cocaine Guidelines range is eligible for a sentence reduction under 18 U.S.C. § 3582(c)." *Flemming*, 617 F.3d at 272. There, the downward departure granted by the district court under Guideline § 4A1.3 had the effect of lowering both the defendant's criminal history category and offense level to the category and level which applied before the career offender guideline enhancements were added. *Id.* at 254, 259. The Court of Appeals reasoned that because of the extent of the downward departure which was granted, Flemming's "applicable guideline range" was determined by the crack cocaine guidelines rather than the career offender guidelines. *Id.* at 260-272.

The Fair Sentencing Act was enacted on August 3, 2010, reducing the statutory penalties for certain crack cocaine offenses. Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111-220,

124 Stat. 2372 21 U.S.C. § 841 (2010). In light of the FSA, the Sentencing Commission issued Amendment 750, which revised the crack cocaine guidelines commensurate with the reductions in the statute. U.S.S.G.App.C, Amdt. 750 (effective No. 1, 2011). Later, the Sentencing Commission issued Amendment 759, making the changes in Amendment 750 retroactive. U.S.S.G.App.C. Amdt. 759 (effective Nov. 1, 2011). As is discussed further below, Amendment 759 also included considerable changes to Guideline § 1B1.10 and the official commentary to same. *Id.*

Defendant filed his second motion for a reduction to his sentence under 18 U.S.C. § 3582(c) on November 9, 2011. (Docket No. 136). The Government filed its response to said motion on December 1, 2011. (Docket No. 138). Through his appointed counsel, Defendant filed a reply brief on December 20, 2011. (Docket No. 142).

At this stage, the Government argues that Defendant may be ineligible for relief under *Mateo* and, alternatively, that a sentencing reduction should be denied given the Court's prior reductions afforded to defendant in light of the crack/powder cocaine disparity both at his initial sentencing and in conjunction with his first § 3582(c)(2) motion. (Docket No. 138). In response, Defendant maintains that he is eligible for a reduction of his sentence under *Flemming* and suggests that a reduction of his sentence to 98 months incarceration or time served would be appropriate in this case. (Docket No. 142).

It is well-settled that a defendant does not have a right to an evidentiary hearing in section 3582(c) proceedings as such proceedings "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *see also* Fed.R.Crim.P. 43(b)(4) ("A defendant need not be present" when "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)"). This Court is very familiar with the facts of the instant matter as the

5

undersigned presided over the initial sentencing hearing and the lengthy section 3582(c) proceedings brought under Amendment 706. *See Mitchell*, 2009 WL 1309755, at *1-2. Therefore, the Court does not believe that a hearing on the instant motion is warranted or necessary.[2] *Id.* As the present motion is fully briefed, it is now ripe for disposition.

III. DISCUSSION

Defendant seeks relief under section 3582(c)(2), which provides, in pertinent part, that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(2). "The statute thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 130 S.Ct. at 2691.

"At step one, § 3582(c)(2) ***requires*** the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 130 S.Ct. at 2691 (emphasis added). *Booker* does not apply to § 3582(c) proceedings, *see id.*, and, thus, the policy statement at Guideline § 1B1.10 is binding on district courts, *see United States v. Smith*, 2012 WL 208081, at *1 (3d Cir. 2012) (not precedential). The Court applies the version of Guideline § 1B1.10 "that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. §

---

[2] The Court notes that, in his initial motion, Defendant requested the appointment of counsel in this case and that his appointed counsel represent him at "any resentencing hearing." (Docket No. 136). As is discussed above, the Court has appointed counsel to represent him. But, neither attorney has requested that a hearing be held in this case and the Court does not believe that a hearing is warranted. (*See* Docket No. 138, 142). Indeed, the Court did not require Defendant's presence at the prior § 3852(c)(2) proceedings on May 13 and June 18, 2008. (Docket Nos. 143, 144).

6

3582(c)(2)." U.S.S.G. § 1B1.10 cmt. n.6 (2011).

The latest version of Guideline § 1B1.10 provides, in pertinent part, that:

> (1) In General.--In a case in which a defendant is serving a term of imprisonment, and the **guideline range applicable to that defendant** has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
>
> > (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) An amendment listed in subsection (c) does not have the effect of lowering the **defendant's applicable guideline range.**

U.S.S.G. § 1B1.10(a) (2011) (emphases added). Subsection (c) lists Amendment 750 (parts A and C only) as being covered by this policy statement thus making a sentence reduction available if all other requirements are met. U.S.S.G. § 1B1.10(c) (2011). The prior versions of § 1B1.10, including the commentary sections, did not specifically define "applicable guideline range," leaving that phrase open to interpretation by the courts. A split in the circuits developed over the meaning of this phrase. As is briefly discussed above, in *Flemming*, our Court of Appeals recognized that this phrase was ambiguous with respect to whether it should be determined with reference to the pre- § 4A1.3 departure guideline range or the post- § 4A1.3 departure range. *Flemming*, 617 F.3d at 260-61. The Court of Appeals then undertook a comprehensive and detailed analysis of the Guidelines to determine the meaning of "applicable guideline range," and concluded that the post- § 4A1.3 departure range should be used as the "applicable guideline

range." *Id.* at 260-272. Thus, *Flemming* interprets the definition of a then-undefined phrase in a prior version of Guideline § 1B1.10.

However, in this Court's estimation, *Flemming* does not control this case as the commentary to the latest version of § 1B1.10 resolves whatever ambiguity was present in prior versions of § 1B1.10 and clarifies that a defendant's "applicable guideline range" as used in § 1B1.10 should be "determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10, cmt. n. 1 (2011). To this end, Note 1(a) to the Commentary of Guideline § 1B1.10 provides that:

> (A) Eligibility.--Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. **Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if:** (i) None of the amendments listed in subsection (c) is applicable to the defendant; or **(ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision** (e.g., a statutory mandatory minimum term of imprisonment) **(i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).**

*Id.* (emphases added).

In addition, the historical notes provide further explanation for the 2011 Amendments to Guideline § 1B1.10, including this specific change. The Sentencing Commission cites the following reasons with respect to making its changes to the commentary:

> [The Sentencing Commission] amends the commentary to 1B1.10 to address an application issue. Circuits have conflicting interpretations about when, if at all, the court applies a departure provision before determining the "applicable guideline range" for purposes of 1B1.10. The First, Second, and Fourth Circuits have

8

> held that, for 1B1.10 purposes, at least some departures (e.g., departures under 4A1.3 (Departures Based on Inadequacy of Criminal History Category) (Policy Statement)) are considered before determining the applicable guideline range, while the Sixth, Eighth, and Tenth Circuits have held that "the only applicable guideline range is the one established before any departures". *See United States v. Guyton*, 636 F.3d 316, 320 (7th Cir. 2011) (collecting and discussing cases; holding that departures under 5K1.1 are considered after determining the applicable guideline range but declining to address whether departures under 4A1.3 are considered before or after). Effective November 1, 2010, the Commission amended 1B1.1 (Application Instructions) to provide a three-step approach in determining the sentence to be imposed. *See* USSG App. C, Amend. 741 (Reason for Amendment). Under 1B1.1 as so amended, the court first determines the guideline range and then considers departures. *Id.* ("As amended, subsection (a) addresses how to apply the provisions in the Guidelines Manual to properly determine the kinds of sentence and the guideline range. Subsection (b) addresses the need to consider the policy statements and commentary to determine whether a departure is warranted."). **Consistent with the three-step approach adopted by Amendment 741 and reflected in 1B1.1, the amendment adopts the approach of the Sixth, Eighth, and Tenth Circuits and amends Application Note 1 to clarify that the applicable guideline range referred to in 1B1.10 is the guideline range determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance.**

U.S.S.G. § 1B1.10, cmt. (2011) (emphasis added).

Considering these amendments to Guideline § 1B1.10, it is clear that to this Court that a defendant's "applicable guideline range" is determined before consideration of any departure or variance. *See e.g., United States v. Flemming*, 2012 WL 33019, at *4 (E.D.Pa. Jan. 5, 2012) (holding that "Under the revised version of § 1B1.10, the 'applicable guideline range' for Flemming is his Career Offender Guideline … [b]ecause Flemming's Career Offender Guidelines range was not subsequently lowered by the Sentencing Commission, Flemming is not eligible for a sentence reduction"); *United States v. Francis*, No. 3:04cr336 (MRK), 2011 WL 5289020, at *1 (D.Conn. Nov. 2, 2011) ("The new Commentary to § 1B1.10-which discusses retroactivity, and

9

which this Court must follow … makes eligibility for sentencing reductions dependent entirely on a defendant's *pre-departure* offense level and criminal history category.") (emphasis in original); *United States v. Rivera*, 662 F.3d 166 (2d Cir. 2011) (noting that the then-proposed amendments to the commentary of § 1B1.10 would "dramatically alter the landscape for sentenced prisoners" and "abrogate the law of this and certain other circuits"); *but see United States v. Ware*, --- F.Supp.2d ----, 2012 WL 38937, at *5-11 (E.D.Pa. Jan. 9, 2012), *appeal docketed*, No. 09-4482 (3d Cir. 2012) (holding that "the policy behind the retroactive amendment favors a sentence reduction" in the case of a career offender who was granted a downward departure).[3]  Thus, a defendant who was deemed a career offender under the guidelines is not eligible for a sentence reduction under Amendment 750.

In this case, Defendant qualified as a career offender under Guideline § 4B1.1 and his advisory guideline range of 188-235 months was based on an offense level of 31 and criminal history category of VI.  PIR at ¶¶ 27, 36, 58.  Given the aforementioned amendments to Guideline § 1B1.10, his career offender guideline range constitutes the "applicable guideline range" which must be considered in determining whether a sentence reduction is consistent with the policy statements.  Amendment 750, upon which Defendant relies, did not lower the "applicable guideline range" in Defendant's case.  Thus, a sentence reduction under Amendment 750 would not be consistent with Guideline § 1B1.10 and Defendant's motion for a sentencing reduction must be denied.

IV.   CONCLUSION

Based on the foregoing, Defendant's Motion for Reduction of Sentence Pursuant to U.S.C.

---

[3]   This Court respectfully disagrees with the analysis employed by the District Court in *Ware*, which relies on prior policy and precedent in support of its decision that the defendant was entitled to a sentencing reduction in that case.  *See Ware*, 2012 WL 38937, at *8-10.  Instead, this Court agrees with the district court in *Flemming* that the current policy of the Sentencing Commission is explicitly set forth in the commentary to Guideline 1B1.10, as is discussed herein.  *See Flemming*, 2012 WL 33019, at *3-4.

10

§ 3582(c)(2) [142] is DENIED. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Court

Dated: February 9, 2012

cc/ecf: All counsel of record.

        Buford Hilliard c/o Adam Cogan, Esquire

        Probation Office

        U.S. Marshal

        Designation & Sentence Computation Center
        Federal Bureau of Prisons
        346 Marine Forces Drive
        Grand Prairie, TX 75051

        United States Sentencing Commission
        Attn: Document Control -Monitoring
        One Columbus Circle, N.E., Suite 2-500
        Washington, D.C. 20002-8002